IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VERÓNICA COLÓN, et al.,<br><br>        Plaintiffs<br><br>        v.<br><br>ADMIRAL INSURANCE COMPANY,<br><br>        Defendant | CIVIL NO. 09-1107 (JP) |

**JUDGMENT BY DEFAULT**

Before the Court is Defendant/Third-Party Plaintiff Admiral Insurance Company's ("Admiral") motion for default judgment (**No. 53**) as to Third Party Defendants Asociación Recreativa Barrio Tejas and Board of Directors of the Asociación Recreativa Barrio Tejas (collectively "Third Party Defendants").

By way of background, Plaintiffs filed the instant action alleging negligence on the part of the Municipality of Humacao on February 5, 2009. On July 22, 2009, Third Party Plaintiff Admiral filed a third party complaint against Third Party Defendants. Admiral then properly served Third Party Defendants (Nos. 23 and 24). After Third Party Defendants failed to answer, Admiral moved for the Clerk of the Court to enter default (Nos. 52 and 57). The Clerk of the Court entered default on January 27, 2010 (Nos. 56 and 58).

In support of its motion for default judgment, Admiral argues that one of the effects of the entry of default is that liability is

CIVIL NO. 09-1107 (JP)          -2-

imposed upon the defaulted party and that all factual allegations are admitted for the purpose of deciding the merits of the case. Furthermore, Admiral argues that the entry of default prevents the defaulted party from disputing the truth of the well-pleaded facts in the complaint pertaining to liability.  The Court finds that Admiral's assertion regarding liability in cases of default is supported by the relevant First Circuit law.  <u>Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit International, Inc.</u>, 982 F.2d 686, 693 (1st Cir. 1993).

   Accordingly, the Court enters the following findings of fact:
   (1)   The iron bar gate involved in the accident was acquired and installed by the Asociación Recreativa Barrio Tejas and/or the Board of Directors of the Asociación Recreativa Barrio Tejas; and
   (2)   If Plaintiffs recover against Defendant/Third Party Plaintiff Admiral Insurance Company any judgment for damages suffered, then Admiral Insurance Company is entitled to Judgment against the Asociación Recreativa Barrio Tejas and the Board of Directors of the Asociación Recreativa Barrio Tejas for all such damages since the negligence of Third Party Defendants was the sole cause of Plaintiffs' damages and injuries.

   Pursuant thereto, the Court hereby **ENTERS JUDGMENT FOR DEFENDANT/THIRD PARTY PLAINTIFF ADMIRAL INSURANCE COMPANY TO HAVE AND**

CIVIL NO. 09-1107 (JP)          -3-

**RECOVER** from Third Party Defendants Asociación Recreativa Barrio Tejas and Board of Directors of the Asociación Recreativa Barrio Tejas the amount, if any, that is awarded by the Jury to Plaintiffs in the instant case.  Still pending before the Court are Plaintiffs' claims against Defendant Admiral Insurance Company.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 29th day of January, 2010.

                                          s/Jaime Pieras, Jr.
                                               JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE